Sedgwick and Sewall,
justices, said, that, as at present advised, they thought the engagement of the defendant was collateral only, for the reasons given by Whitman, and, therefore, the note ought not to go in evidence to the jury.
Strong, J.
I think, from the words of the note, that the defendant is to be considered as a joint promisor. If the note had been written, We promise, &c., there would be no doubt. Then what is this note? I promise—that is, I, George Keith, Jun., *119 and I, Ezra Weston, promise—which seems to be * the [ * 158 ] same thing as, We promise. The note is signed in the usual place, has only one date, and it is signed in the common mode. The word surety is added (as is frequently the case) merely for the benefit of the surety, and that it may appear he is not the real debtor. I am clear that this is a joint note. But a majority of the Court being of a different opinion, it is not admitted in evidence.
The plaintiff had leave' to amend his declaration on the common rule.
Parsons for the plaintiff. (1)

 For aught appears upon the note, the defendant was responsible in the same way and manner as Keith, the bankrupt. The undertaking of Weston was direct, and not collateral, unless the contrary is implied by the word “ surety.” Now that word of itself seems to have no such meaning, and the editor is not aware that such a construction has ever been given to it in recognizances, bonds, and other instruments, where it is frequently used, and where, if the undertaking is meant to be several, express words to that effect are always introduced. It is usually added to show that the consideration did not pass to the person named as surety, and to give him a remedy against the principal debtor.
The editor has reason to believe that Sedgwick, J., afterwards changed the opinion here given by him. In a case similar to the present, except that the word “ surety ” was not annexed to either signature, Lord Kenyon held the note joint and several. Marsh vs. Ward, Peake's JV\ P., case 130; and in a case precisely similar to that last mentioned, the same decision was made by this Court; post, vol. vii. p. 58, Hernmenway vs. Stone.